IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETER WIRTH *et al.*,

    Plaintiffs,

vs.                                                                                          Civ. No. 20-1340 WJ/KK

PHC LAS CRUCES INC. *et al.*, D/B/A
MEMORIAL MEDICAL CENTER OF
LAS CRUCES, LIFEPOINT HEALTH, INC.,
LIFEPOINT RC, INC., VITTORIO TALEON, MD,
IFEYINWA OBI, CNM,
LA CLINICA DE FAMILIA, INC.,
FIRST STEP CENTER, INC.
LINDA VASQUEZ, R.N.,

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT PARTIAL JUDGMENT ON THE PLEADINGS
BY DEFENDANT PHC-LAS CRUCES, INC.,
d/b/a MEMORIAL MEDICAL CENTER OF LAS CRUCES
and
ORDER REMANDING CASE TO STATE COURT**

THIS MATTER comes before the Court upon a Motion for Partial Judgment on the Pleadings by Defendant PHC-Las Cruces, Inc., d/b/a Memorial Medical Center of Las Cruces, filed on June 7, 2021 **(Doc. 54)**. Having reviewed the parties' briefing and the applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is denied. Additionally, this case shall be remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

**BACKGROUND**

In this medical malpractice and wrongful death case, Plaintiffs Sandra Correa and Santiago Ortiz together bring this Complaint following the fatal personal injuries suffered by their infant child Santiago Sebastian Ortiz during birth on August 12, 2017 at PHC-Las Cruces, Inc., d/b/a

Memorial Medical Center of Las Cruces ("MMC" or "Defendant") in Las Cruces, New Mexico on August 11, 2017.

According to the complaint, Ms. Correa received regular prenatal care from Defendants Vittorio Taleon, MD and Ifeyinwa Obi, CNM as well as other health care providers at La Clinica de Familia. *See generally* Doc. 1-3. She was identified as a higher risk pregnancy due to her diagnosis of diabetes, for which she received prescribed prenatal care and medication. She was admitted to MMC about a month prior to her due date, and Defendant Obi, a certified nurse midwife, was assigned to her care. Complications developed throughout the evening hours and monitoring showed increasing fetal distress. After various measures were taken, unsuccessfully, to resolve the distress and to deliver the baby vaginally, Defendant Obi called for Defendant Taleon's assistance at the hospital. Ms. Correa was taken to the operating room and the baby was delivered by caesarian section. The baby was pronounced dead at delivery. ¶¶111-112.

Plaintiffs filed this lawsuit on July 20, 2020 in the First Judicial District Court of Santa Fe, New Mexico, asserting claims of medical negligence, loss of consortium and negligent infliction of emotional distress. The United States removed this action pursuant to 28 U.S.C. §2679(d)(2) which mandates removal of an action to federal court upon certification by the United States Attorney General that the defendant employee was acting within the scope of his/her federal employment. Doc 1. The Amended Notice of Removal states that this action is covered by the provisions of the Federal Tort Claims Act, 28 U.S.C. §§1346(b) and 2671 et seq. Doc. 15 at 2.

Defendants consist of five entities and three individuals:

> LifePoint Health, Inc. ("LifePoint")
> LifePoint RC, Inc. ("LifePoint RC")
> PHC-Las Cruces (d/b/a MMC)
> La Clinica de Familia, Inc. ("La Clinica")

    LCDF First Step, Inc.[1]
    Vittorio Taleon, M.D.
    Ifeyinwa Obi, Certified Nurse Midwife ("CNM")
    Linda Vasquez, R.N.

On May 11, 2021, the Court granted the United States' motion to substitute the United States for Defendant Taleon, Defendant Obi and Defendants La Clinica de Familia and LCDF First Step Center, Inc. Doc. 42.[2]

On May 19, 2021, the United States filed a Motion to Dismiss Plaintiffs' claims against it with prejudice, asserting that Plaintiffs had failed to exhaust administrative remedies before bringing their tort claims, thus barring all claims against the United States based upon the alleged negligence of Dr. Taleon and CNM Obi. Doc. 47. On May 22, 2021, the parties entered into a stipulation dismissal of the United States with prejudice. Doc. 60.

On July 6, 2021, the Court granted the LifePoint Defendants' motion to dismiss based on lack of personal jurisdiction. Doc. 66.

## DISCUSSION

Plaintiffs assert a negligence claim against MMC, Compl., Count III, based on three separate theories of liability:

(1) direct liability for negligence and negligent training, supervision, and retention (*id.* ¶¶ 152-60);

(2) vicarious liability under the doctrine of respondeat superior for the alleged negligence committed by MMC's employees including Nurse Vasquez (*id.* ¶¶ 5-6, 63, 95, 165-66, 214); and

---

[1] Defendants claim that Plaintiffs incorrectly identify Defendant First Step, Inc. in their pleadings, and that correct name for the entity is LCDF First Step. The Court has adopted Defendants' representation as to the proper name.

[2] Defendants Memorial Medical Center, the LifePoint Defendants and Nurse Vasquez did not oppose the substitution.

(3) indirect liability under the doctrine of apparent agency for the alleged medical malpractice committed by federal employees Dr. Taleon and CNM Obi acting as apparent agents of MMC (*id.*, ¶ 44, 53, 78, 130, 146, 156, 161-64);

This motion addresses only Plaintiffs' third theory of liability: that MMC is liable for the acts of apparent agents Dr. Taleon and CNM Obi, who were previously deemed to be "federal employees" under the Federal Tort Claims Act ("FTCA"). *See* Doc. 42.

**I.      Legal Standard**

A motion filed under Federal Rule of Civil Procedure 12(c) is evaluated under the same standard applicable to motions filed under Rule 12(b)(6). *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012). In considering the motion, the Court must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Id*.

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 562. Although decided within an antitrust context, *Twombly* stated the pleadings standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept

all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. *Twombly*, 550 U.S. at 555.

**II.     Analysis**

Defendants contend that Plaintiffs' claims against MMC are barred because they are based upon the alleged negligence of Dr. Taleon and CNM Obi, who were dismissed from the case as a result of the stipulation between Plaintiffs and the United States. Plaintiffs contend that MMC remains liable because it does not enjoy the same protection under the FTCA that was the basis for the dismissal of the federal defendants, and because MMC has a statutory duty to provide reasonable medical services provided by its nonservant agents.

   A.     Plaintiffs' Initial Arguments

Defendants do not take issue with the legal tenets cited by Plaintiffs to support their arguments. First, Plaintiffs contend that New Mexico law recognizes vicarious liability of a hospital for apparent or ostensible agents who provide emergency medical services such as those provided Ms. Correa by CNM Obi, the nurse midwife assigned to her, and Dr. Taleon as the physician Obi then called to assist with the delivery. *See* New Mexico Uniform Jury Instruction 13-1120B; *Houghland v. Grant*, 1995-NMCA-005, ¶ 8, 119 N.M. 422, 891 P.2d 563 (under theory of apparent authority, it was possible for a jury to conclude that the hospital was the first treating doctor's employer or that the hospital held itself out as an emergency care provider, thereby inducing the decedent to rely on the hospital for emergency care rather than any doctor specifically). Defendants recognize that while Dr. Taleon and CNM Obi are not MMC employees, they may still be liable as non-employees under an apparent agency theory. *See* Doc. 69 at 2, n.1

(rejecting Plaintiffs' position that Defendants Taleon and Obi were agents of MMC but not disputing New Mexico law surrounding legal doctrine of apparent agency).³

Second, Plaintiffs contend that MMC Hospital has a statutory duty to provide medical services in a safe and effective manner making it liable for the negligent conduct of its nonservant agents. *See* 42 CFR § 482.12 (e); *see also* NMAC 7.7.2.26(J) *(*hospital is responsible for services provides in its hospitals, whether or not the services are furnished by contract); 42 CFR § 482.12 (e) (1) (hospital "must ensure that the services provided under contract are provided in a safe and effective manner"). Defendants do not challenge this authority.

B.  Plaintiffs' Main Argument

The central focus of the dispute in this motion is contained within Plaintiffs' argument that MMC hospital is not permitted to claim the same defenses or protections under the FTCA used by a public health facility or individuals employed by those facilities, and so it cannot claim the immunity enjoyed by Defendants Taleon and Obi as employees of La Clinica, which was deemed a public health facility. *See* Doc. 42 at 6. Plaintiffs contend that the requirement to exhaust all administrative remedies—which was the defense underlying the United States' motion to dismiss—is a defense personal to the Unites States Defendants and cannot be raised as a defense by MMC.

Plaintiffs rely on two New Mexico cases, *Juarez v. Nelson,* and *Seeds v. Lucero* (citing *Juarez*), to support their argument. In *Juarez*, the plaintiffs filed a medical malpractice suit for wrongful death damages against the hospital and the individual doctor. 2003-NMCA-11, ¶ 28, 133

---

³ The Court has previously determined that at the time of the underlying incidents, both Dr. Taleon and CNM. Obi were full-time employees of La Clinica Familia, a Public Health Service facility. Doc. 42 at 8; Doc. 66 at 20 (Mem. Op. & Order granting LifePoint Defendants' motion to dismiss for lack of personal jurisdiction). The question of whether Defendants Taleon and Obi were in fact "apparent agents" of MMC must be determined at some point, but it is not pertinent to the threshold issues being discussed here.

N.M. 168, 61 P.3d 877 (*overruled on other grounds by Tomlinson v. George,* 2005-NMSC-20, 138 N.M. 34, 116 P.3d 105).  The trial court dismissed the doctor on summary judgment based on an expired New Mexico statute of limitations for healthcare providers under New Mexico law. *Id.* The hospital then argued that the doctor's dismissal also barred any claim against it based upon vicarious liability for the doctor's alleged malpractice, and the court ruled that any claims against the hospital based on the actions of the doctor were barred. *Id.*  On appeal, the New Mexico Court of Appeals noted that it was not aware of "any New Mexico case applying the principle that the exoneration of the servant operates in tort to exonerate the principal of vicarious liability where the employee has been "exonerated by a statute of limitations." *Id*. at ¶ 28 (internal quotation marks omitted). The court found that an action against an employee's principal is not precluded where the employee was dismissed based on a defense that was personal to the employee—such as one based on a statute of limitations. The New Mexico Court of Appeals held that the hospital could not "piggyback" on a statute of limitations defense provided to the physician who was a qualified health care provider. *Id*. at ¶ 29.

In *Seeds v. Lucero*, the New Mexico Court of Appeals dealt with a claim of civil conspiracy which sought to impute liability from one co-conspirator to another.  2005-NMCA-067, ¶ 21, 137 N.M. 589, 113 P.3d 859 (citing *Juarez,* ¶28).  In *Seeds,* the court held that the immunity defense available to the city defendants under the New Mexico Tort claims Act was not available to the other non-city defendants.

Here, Defendants move for dismissal of MMC and Defendants Obi and Taleon, but they fail to offer any real legal authority for their claim that the administrative exhaustion defense asserted by the United States and its federal employees should also be available to MMC hospital which is a private entity—except for the sole fact that Defendants Taleon and Obi offered Ms.

7

Correa medical care during the delivery at MMC. Defendants' only counter to Plaintiffs' argument is that *Juarez* and *Seeds* are not applicable because those cases dealt with dismissal based on unique statutory defenses available only to those agents rather than a plaintiff's decision to voluntarily dismiss the alleged agents. This argument falters because the basis for the parties' stipulation of dismissal for Defendants Taleon and Obi was clearly connected to the basis for the United States' motion to dismiss: failure to satisfy exhaustion requirements under the FTCA. Moreover, the distinction Defendants are trying to make might have been relevant in a discussion where the United States is the principal at issue, but it has no real application to MMC, an entirely different principal which was not a party either to the United States' motion to dismiss or to the parties' stipulated dismissal of the federal defendants.[4]

Defendants claim that they seek dismissal of MMC as a "principal" because Defendants Taleon and Obi have been dismissed, Doc. 54 at 2, but their endgame is to step into the shoes of the federal government—and hope no one notices. If *Juarez* and *Seeds* are not dispositive because they are not factually identical, they are still relevant to the question of whether a principal is entitled to assert a particular defense used by its agents as a basis for dismissal. Under both cases, the answer is "no" where the defense is personal to the employees. Framed to fit the circumstances of this case, the question must be modified to whether a principal can take advantage of a defense used by its purported agents in their status as employees for *another* principal—in this case, the federal government. The answer is still "no."

---

[4] For the same reasons, the cases presented by Defendants in their opening brief—which hold that an agent's release from liability removes the basis on which the principal's fault is imputed—are not factually analogous. *See, e.g., Valdez v. R-Way, LLC*, 237 P.3d 1289, 1292-93 (N.M. App. 2010); *Kinetics, Inc. v. El Paso Prod. Co.*, 653 P.2d 522, 527 (N.M. App. 1982) (affirming directed verdict where directly liable parties were dismissed, because dismissal of directly liable entity "destroyed" the "means by which liability was imputed" to the vicariously liable party). The query in those cases was whether the agents' dismissal mandated the dismissal of the vicariously liable party but there was no need to consider a completely different second vicariously liable party, as there is here.

Defendants sidestep the obvious: Dr. Taleon and CNM Obi were dismissed from this case only by virtue of their employment as federal employees. It has nothing to do with any services they performed for MMC hospital or with a finding of negligence by one or both. The requirement to exhaust all administrative remedies is a defense personal to the Unites States Defendants and cannot be raised as a defense by Defendant MMC Hospital. *See Salswedel v. Enerpharm, Ltd.*, 1988-NMCA-089, ¶ 24, 107 N.M. 728, 764 P.2d 499 (citing Restatement (Second) of Agency § 217(b)) ("a principal is not entitled to rely on the immunity granted its agent" because there is a distinction "between fault or culpability and liability for damages[,]" *Salswedel v. Enerpharm, Ltd.*, 1988-NMCA-089, ¶ 24 107 N.M. 728, 764 P.2d 499 (citing Restatement (Second) of Agency § 217(b)). Therefore, the basis upon which liability is imputed to the principal (here, MMC), is not extinguished.

### III. Court Declines to Exercise Supplemental Jurisdiction Over Plaintiffs' Apparent Agency Claims

Defendant MMC urges the Court to retain jurisdiction over Plaintiffs' apparent agency claims if those claims survive this motion to dismiss, while Plaintiffs wish the Court to decline supplemental jurisdiction over those claims.

Under 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *See Barlow v. C.R. England, Inc.*, 703 F.3d 497, 511 (10th Cir. 2012); *United States v. Botefuhr*, 309 F.3d 1263, 1273–74 (10th Cir. 2002) ("Absent a showing of some extraordinary circumstances, 'a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial.'").

9

The Court has concluded that the state law claims asserted by Plaintiffs against MMC hospital based on an apparent agency theory will not be dismissed, and the Court declines to exercise supplemental jurisdiction over them.  The Court has given significant attention to this case, but that attention has been limited to procedural and jurisdictional issues.  *See, e.g.,* Doc. 42 (Granting United States' Motion to substitute Party and Denying Plaintiffs' Motion for Leave to Conduct Discovery); Doc. 66 (Granting LifePoint Defendant's Motion to Dismiss for Lack of Personal Jurisdiction).  The case is currently poised for a consideration of the merits of Plaintiffs' remaining claims, which are all based on state law, but that consideration will now be left to the New Mexico state court.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Partial Judgment on the Pleadings **(Doc. 54)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall take the necessary action to REMAND this case, with all relevant pleadings, to the First Judicial District Court, County of Santa Fe, State of New Mexico.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE